

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LARRY JAMES WILLIAMS JR., § | | |
| Petitioner, § | | |
| § | | |
| VS. § | Civil Action No. 4:13-CV-708-C | |
| § | | |
| RODNEY W. CHANDLER, Warden, § | | |
| FCI-Fort Worth, § | | |
| Respondent. § | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner, Larry James Williams Jr., Reg. No. 30717-177, is a federal prisoner incarcerated in FCI-Fort Worth in Fort Worth, Texas.

Respondent, Rodney W. Chandler, is Warden of FCI-Fort Worth.

#### C. PROCEDURAL HISTORY

On July 25, 2003, petitioner pleaded guilty pursuant to a plea agreement to being a felon in possession of a firearm in the Dallas Division of the United States District Court for the Northern

District of Texas, and the district court sentenced him as an armed career criminal based on three prior state convictions under 18 U.S.C. § 924(e), imposing a mandatory minimum sentence of 15 years' inprisonment. (Resp't App. at 1, 4) *See* 18 U.S.C. § 924(e) (Armed Career Criminal Act); *United States v. Williams*, Criminal Action No. 3:03-CR-00139-N-1, entry #31. Petitioner appealed the trial court's judgment, but the Fifth Circuit affirmed, and the Supreme Court denied writ of certiorari. *Williams v. United States*, 543 U.S. 1094 (2005); *United States v. Williams,* 114 Fed. Appx. 594, 2004 WL 2011479 (5th Cir. Sept. 10, 2004). Petitioner also sought postconviction relief by way of a § 2255 motion to vacate, set aside or correct his sentence and a prior § 2241 petition (construed was as a § 2255 motion) in the convicting court, to no avail. *Williams v. United States*, Nos. 3:11-CV-3355-N & 3:11-CV-3357-N, 2011 WL 7167023 (N.D.Tex. Dec. 15, 2011), *adopted by* 2011 WL 6130412 (N.D.Tex. Dec. 9, 2011) (§ 2255 barred by statute of limitations); *Williams v. United States*, No. 3:11-CV-3174-N (N.D.Tex. Nov. 21, 2011), *adopted,* 2012 WL 398762 (N.D. Tex. Feb. 6, 2012) (§ 2241 petition construed as a § 2255 motion and barred by statute of limitations). This habeas petition under § 2241 was filed in this court where petitioner is currently serving his sentence. The government has filed a response to the petition seeking dismissal on jurisdictional grounds. (Resp't Resp. at 2-4)

D. ISSUES

In four grounds for relief, petitioner essentially claims the Supreme Court decision in *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013), has rendered his guilty plea involuntary and unknowing, rendered his trial counsel's representation ineffective, and rendered him actually innocent of his 180-month sentence because his three prior predicate state convictions–"elements of the offense"–were not submitted to a jury and proven beyond a reasonable doubt, resulting in a

miscarriage of justice. He seeks re-sentencing under § 924(a)(2) and a finding that, in light of *Alleyne*, § 924(e)(1) is unconstitutional. (Pet. at 5-6; Pet'r Mem. at )

E. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." 28 U.S.C. § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). To do so, the petitioner must establish that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court stated, "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The Supreme Court in *Alleyne v. United States*, 133 S. Ct. 2151, 2160 (2013), concluded that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." Thus, any fact that increases a defendant's

3

mandatory minimum sentence is an element of the crime, not merely a sentencing factor, that must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 2163.

Assuming *Alleyne* is applicable to petitioner's case, he cannot satisfy the first and third prongs of the test. The Supreme Court did not declare that *Alleyne* applies retroactively on collateral review, and, given that *Alleyne* is an extension of *Apprendi,* which is not retroactive on collateral review, it is doubtful that *Alleyne* will be. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). Further *Alleyne* did not overrule *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held specifically that prior convictions are sentencing factors, not elements of the offense. *Alleyne*, 133 S. Ct. at 2160 n.1. Petitioner's arguments to the contrary are not persuasive. (Pet'r Mem. at 8-19) Finally, *Alleyne* does not establish petitioner's actual innocence of the underlying, substantive crime for which he was convicted. *Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000).

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 24, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 24, 2014, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 2, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE